**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                      **Plaintiff,**

vs.                                   **5:12-cv-10**
                                             **(MAD/ATB)**

**JAMES NARRIE,**

                      **Defendant.**
_____

**APPEARANCES:**                            **OF COUNSEL:**

**OVERTON, RUSSELL, DOERR &**         **LINDA L. DONOVAN, ESQ.**
**DONOVAN, LLP**
19 Halfmoon Executive Park Drive
Clifton Park, New York 12065
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On January 4, 2012, Plaintiff commenced this action alleging that Defendant defaulted on a promissory note. *See* Dkt. No. 1. Currently before the Court is Plaintiff's motion for entry of a default judgment brought pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. *See* Dkt. No. 7.

### II. BACKGROUND

Defendant is a resident of Onondaga County, New York. *See* Dkt. No. 1 at ¶ 1. On August 21, 2002, Plaintiff executed a promissory note which consolidated three student loans.

*See* Dkt. No. 1-1 at 1-2. The three loans were dispersed in three payments on December 21, 1993 ("Loan #1"), December 20, 1993 ("Loan #2"), and June 23, 1995 ("Loan #3"). *See id.* at 2. At the time of consolidation, the amount due on the loans, including the interest rates, was as follows:

|         | Interest Rate | Principal Outstanding Balance | Interest thru Certification Date | Collection Costs | Total Due |
|---------|---------------|-------------------------------|----------------------------------|------------------|-----------|
| Loan #1 | 4.86%         | $6,672.27                     | $1,942.72                        | $1,593.77        | $10,208.76|
| Loan #2 | 5.25%         | $4,972.28                     | $1,516.04                        | $1,200.34        | $7,688.66 |
| Loan #3 | 4.86%         | $1,100.94                     | $311.67                          | $261.33          | $1,673.94 |
| Total   |               |                               |                                  |                  | $19,571.36|

*See id.* Plaintiff has not filed with either its complaint or with its motion for default judgment, a Certificate of Indebtedness, a full promissory note, disbursement history, demand for payment, or notice and date of default.

### III. DISCUSSION

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" *United States v. Simmons*, No. 5:10-CV-1272, 2008 WL 685498, *2 (N.D.N.Y. Mar. 2, 2012) (quoting *Robertson v. Doe*, No. 05-CV-7046, 2008 WL 2519894, *3 (S.D.N.Y. June 19, 2008)). "'First, under Rule 55(a), when a party fails to "plead or otherwise defend . . . the clerk must enter the party's default."'" *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 55(a). "'Second, pursuant to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court.'" *Id.* (quotation omitted). "'Notice of the application must be sent to the defaulting

2

party so that it has an opportunity to show cause why the court should not enter a default judgment.'" *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 55(b)(2).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Bravado Intern. Group Merchandising Services, Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); *see also Bravado Intern.*, 655 F. Supp. 2d at 189 (citation omitted). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Robertson*, 2008 WL 2519894, at *3. "The burden is on the plaintiff to establish its entitlement to recovery." *Bravado Intern.*, 655 F. Supp. 2d at 189 (citation omitted). "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" *Id.* at 190 (quotation omitted).

In the present matter, Plaintiff has established, through its complaint, that it is entitled to judgment in its favor as to liability. Plaintiff, however, has failed to provide the Court with sufficient supporting documentation as to the amount of damages actually owed. For example, in the complaint, Plaintiff claims that the current principal due is $19,597.99, yet the only document provided in support of this number states that the amount is actually $19,571.36. Plaintiff provides no explanation for the difference in these two figures. Moreover, Plaintiff has not filed with either its complaint or with its motion for default judgment a Certificate of Indebtedness, a

3

full promissory note, disbursement history, demand for payment, evidence of the date of default, or evidence of the amount of the loan applied for and actually received. Without such information, Plaintiff has fallen far short of ensuring the Court "that there is a basis for the damages that are sought." *Robertson*, 2008 WL 2519894, at *3; *see also United States v. Linn*, No. 10-CV-5289, 2011 WL 2848208, *1-*2 (E.D.N.Y. July 14, 2011).

Based on the foregoing, Plaintiff's motion for default judgment is granted in part and denied in part.

## IV. CONCLUSION

After carefully reviewing Plaintiff's submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for default judgment is **GRANTED** as to liability and **DENIED** as to damages; and the Court further

**ORDERS** that Plaintiff shall submit a supplemental affidavit providing the Court with a Certificate of Indebtedness, a full promissory note, disbursement history, demand for payment, evidence of the date of default, and evidence of the amount of the loan applied for and actually received, which is necessary to establish the basis for the damages sought; and the Court further

**ORDERS** that Plaintiff shall submit its supplemental affidavit and evidence discussed above within **TWENTY (20) DAYS** of the date of this Memorandum-Decision and Order; and the Court further

**ORDERS** that Plaintiff shall serve a copy of this Memorandum-Decision and Order on Defendant by Certified Mail, Return Receipt Requested and file the returned receipt using the Court's electronic filing system; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 18, 2012
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge