**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

vs.           **5:12-cv-10**
            **(MAD/ATB)**

**JAMES NARRIE,**

      **Defendant.**
_____

**APPEARANCES:**        **OF COUNSEL:**

**OVERTON, RUSSELL, DOERR &**    **LINDA L. DONOVAN, ESQ.**
**DONOVAN, LLP**
19 Halfmoon Executive Park Drive
Clifton Park, New York 12065
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On January 4, 2012, Plaintiff commenced this action alleging that Defendant defaulted on a promissory note. *See* Dkt. No. 1. On May 18, 2012, the Court granted Plaintiff's motion for default judgment as to liability and ordered Plaintiff to submit a supplemental affidavit and exhibits necessary to establish the basis of damages sought. *See* Dkt. No. 9. Currently before the Court is Plaintiff's motion for a determination of damages. *See* Dkt. No. 10.

### II. BACKGROUND

Defendant is a resident of Onondaga County, New York. *See* Dkt. No. 1 at ¶ 1. On August 21, 2002, Defendant executed a promissory note to secure a Direct Consolidation loan

from the United States Department of Education. *See* Dkt. No. 10 at 8. This loan was disbursed for $10,222.31 and $9,375.68 on September 6, 2002 at 5.13% interest per annum. *See id.* Plaintiff demanded payment according to the terms of the note, and Defendant defaulted on his obligation on July 11, 2003. *See id.*

On May 18, 2012, the Court granted Plaintiff's motion for default judgment as to liability, and ordered Plaintiff to submit a supplemental affidavit and exhibits necessary to establish the basis of damages sought. *See* Dkt. No. 9. Specifically, the Court informed Plaintiff that, in order to establish the basis for damages sought, it would need to submit evidence such as a Certificate of Indebtedness, promissory note, disbursement history, demand for payment, evidence of the date of default, and/or evidence of the amount of the loan applied for and actually received. *See id.* at 3-4. Plaintiff has since complied with the Court's May 18, 2012 Memorandum-Decision and Order and now seeks a determination of damages. *See* Dkt. No. 10.

### III. DISCUSSION

**A.     Standard of Review**

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" *United States v. Simmons*, No. 5:10-CV-1272, 2008 WL 685498, *2 (N.D.N.Y. Mar. 2, 2012) (quoting *Robertson v. Doe*, No. 05-CV-7046, 2008 WL 2519894, *3 (S.D.N.Y. June 19, 2008)). "'First, under Rule 55(a), when a party fails to "plead or otherwise defend . . . the clerk must enter the party's default."'" *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 55(a). "'Second, pursuant to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court.'" *Id.* (quotation omitted). "'Notice of the application must be sent to the defaulting

party so that it has an opportunity to show cause why the court should not enter a default judgment."' *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 55(b)(2).

"When a default is entered, the defendant is deemed to have admitted all of the well-plead factual allegations in the complaint pertaining to liability." *Bravado Int'l Grp. Merchandising Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); *see also Bravado Int'l*, 655 F. Supp. 2d at 189 (citation omitted). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Robertson v. Doe*, No. 05-CV-7046, 2008 WL 2519894, *3 (S.D.N.Y. June 19, 2008). "The burden on is on the plaintiff to establish its entitlement to recovery." *Bravado Int'l*, 655 F. Supp. 2d at 189 (citation omitted). "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing."' *Id.* at 190 (quotation omitted).

**B.     Application**

*1. Defendant's letter response in opposition to Plaintiff's motion*

In response to Plaintiff's motion, Defendant submitted a letter in opposition, which is the first appearance Defendant has made in this action. *See* Dkt. No. 11. In this letter, Defendant asserts that he has earned less than $10,000 per year since 2001. *See id.* at 1. Further, Defendant contends that he has not worked since 2006 due to an accident in which he injured his knee. *See*

*id.* Defendant argues that he wants to return to work when he is healthy and pay back his student loans. *See id.* Finally, Defendant asserts the following: "I would also like to state for the record that I never signed the loan consolidation on Aug. 30, 2002. The Social Security number is scribbled out. This document marked exhibit 'B' is a forgery! Furthermore, the first loan consolidation is different than the one marked Exhibit 'B.'" *See id.* at 2. As such, Defendant requests that the Court grant him a "hardship" or dismiss this case do to the fact that the promissory note is an alleged forgery. *See id.*

To the extent that Defendant's letter in opposition could be considered a motion for relief under Rule 60 of the Federal Rules of Civil Procedure, it is entirely insufficient. "In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *SEC v. McNulty*, 137 F.3d 732, 740 (2d Cir. 1998) (citation omitted).[1] Defendant's conclusory assertion that the promissory note attached to Plaintiff's motion is a forgery fails to meet this burden. *See SACS Global Trust & Mortgage, LLC v. Thomas*, No. 3:06cv1228, 2011 WL 4396633, *3 (D. Conn. Sept. 21, 2011) (holding that the defendant's own "self-serving declaration" that the document is a forgery, with no handwriting sample or any other form of evidence, "is insufficient to show the likelihood of a meritorious defense on this basis, and thus falls short of 'extraordinary circumstances' as grounds for relief under Rule 60(b)"); *see also United States v. Benitez*, No. 09-

---

[1] Even if the Court were to consider Defendant's letter as a motion to vacate an entry of default pursuant to Rule 55(c), which is more lenient than the standard to set aside a default judgment under Rule 60, the motion would still fail. Although a "meritorious defense" can present good cause to set aside the entry of default, the defendant "must present more than conclusory denials when attempting to show the existence of a meritorious defense." *See Pecarksy v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 173 (2d Cir. 2001) (citation omitted).

CV-3368, 2010 WL 3528546, *2 (E.D.N.Y. Sept. 3, 2010) (citation omitted). Moreover, as Plaintiff correctly points out, the social security number on the document is redacted to protect Defendant and is required by the Court's Local Rules. Based on the foregoing, the Court finds that Defendant has failed to assert any valid reason why the Court should set aside the entry of default judgment.

### *2. Plaintiff's motion for a determination of damages*

With its motion for a determination of damages, Plaintiff submitted a copy of the promissory note signed by Defendant, a Certificate of Indebtedness, a History Report, Disbursement Summary, Account Summary, Payment History, a Notice History indicating what notices were sent to Defendant, and a sample demand notice. *See* Dkt. No. 10 at 7-29. According to the Certificate of Indebtedness, as of May 24, 2012, after application of all payments, Defendant owes the following:

| | |
|---|---|
| Principal: | $19,597.99 |
| Interest: | $9,759.40 |
| Total: | $29,357.39 |

*See id.* at 8. Moreover, interest accrues on the principal at the rate of 5.13% per annum, which equals a daily rate of $2.75. *See id.*

Plaintiff requests that the Court enter judgment for the remainder of the loan, together with pre-judgment and post-judgment interest, and an award of costs.

As discussed, Plaintiff contends that Defendant remains indebted for the unpaid principal balance of the loan of $19,597.99. Plaintiff has supported its claim with the promissory note and a Certificate of Indebtedness, which was prepared, under penalty of perjury, by a loan analyst

from the United States Department of Education. *See* Dkt. No. 10 at 8. These facts satisfy the Court that a default judgment should include the remaining loan amount of $19,597.99.

Pursuant to 34 C.F.R. § 682.410, Plaintiff is also entitled to the amount of interest accrued on the loan at the rate agreed to by the borrower in the promissory note. That regulation – along with those under the same part – was promulgated by the Department of Education for the purpose of administering various federal student loan programs, and requires that "the guaranty agency" "charge the borrower interest on the amount owed . . . at a rate that is the greater of," among other rates, the one "established by the terms of the borrower's original promissory note." 34 C.F.R. § 682.410(b)(3)(i).

In the present case, Defendant agreed to an interest rate of 5.13% per annum. *See* Dkt. No. 10 at 8-10. Using this rate, Plaintiff has calculated that, as of May 24, 2012, Defendant owed prejudgment interest of $9,759.40. *See id.* at 8. Since May 24, 2012, prejudgment interest has continued to accrue on the loan at the 5.13% rate, or $2.75 per day. *See id.* As such, including today (the date of judgment), 189 days have passed and, therefore, Defendant owes an additional $519.75 in prejudgment interest. When added to the unpaid principal, the total amount due under the promissory note through November 28, 2012 is $29,877.14.

Moreover, pursuant to 28 U.S.C. § 1961(a), Plaintiff is also entitled to post-judgment interest, which it has sought here. The rate of such interest, as set forth in section 1961(a), "shall be calculated from the date of entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a) (internal footnote omitted).

In addition to the principal and interest on the loan, Plaintiff seeks $25.00 for the cost of

service of process. An award of costs is proper when the Government is a party to the action. *See* 20 U.S.C. § 1091a(b)(1); 28 U.S.C. § 2412(a)(1)-(2). As such, the Court awards Plaintiff the requested costs in the amount of $25.00. *See United States v. Washington*, No. 08-CV-5083, 2009 WL 6636862, *3 (E.D.N.Y. Dec. 14, 2009).

### IV. CONCLUSION

After carefully reviewing Plaintiff's submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's motion for default judgment is **GRANTED**; and the Court further

**ORDERS** that damages are awarded in the following amounts:

(1) unpaid principal and prejudgment interest through November 28, 2012 of **$29,877.14**;

(2) post-judgment interest accruing at the statutory rates as discussed above; and

(3) costs in the amount of **$25.00**; and the Court further

**ORDERS** that Plaintiff shall serve a copy of this Memorandum-Decision and Order on Defendant by Certified Mail, Return Receipt Requested, and file the returned receipt using the Court's electronic filing system; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close this case.

**IT IS SO ORDERED.**

Dated: November 28, 2012
       Albany, New York

Mae A. D'Agostino
U.S. District Judge

7